■ In the Matter of PHILLIP COTTERELL, Petitioner, v J. TAYLOR-STEWART, as Deputy Superintendent of Program Services, et al., Respondents. [44 NYS3d 228]—

Proceeding pursuant to CPLR article 78 (transferred to this

Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.

Following a family reunion visit with his wife, petitioner provided a urine specimen that twice tested positive for the presence of THC, an active ingredient of marihuana. As a result, petitioner was charged in a misbehavior report with using a controlled substance and violating family reunion program procedures. He was found guilty of the charges following a tier III disciplinary hearing and the determination was later affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, positive urinalysis test results and related documentation, together with the hearing testimony, provide substantial evidence supporting the determination of guilt (*see Matter of Williams v Annucci*, 141 AD3d 1062, 1062 [2016]; *Matter of Jones v Fischer*, 138 AD3d 1294, 1295 [2016]). Contrary to petitioner's claim, we find no deficiencies in the chain of custody given that the correction officer who obtained the specimen that petitioner provided after the visit stated that it was either in his possession or secured in a locked room prior to testing, and the handling of the specimen was otherwise set forth on the request for urinalysis form (*see Matter of Martinez v Annucci*, 134 AD3d 1380, 1381 [2015]; *Matter of Paddyfote v Fischer*, 118 AD3d 1240, 1241 [2014]). Inasmuch as the urine specimen that petitioner provided immediately prior to the visit tested negative for THC while the specimen he provided after the visit twice tested positive, this established that he ingested drugs during the visit and violated family reunion program procedures (*see* 7 NYCRR 220.8 [c]; *see also Matter of Mannino v Fischer*, 102 AD3d 1032, 1032 [2013], *lv denied* 21 NY3d 855 [2013]). Furthermore, the Hearing Officer's denial of certain witnesses whose testimony would have been irrevelant does not show that the Hearing Officer was biased, nor is there anything in the record to establish that the determination flowed from any such alleged bias (*see Matter of Mullamphy v Fischer*, 112 AD3d 1177, 1177 [2013]; *Matter of White v Fischer*, 108 AD3d 891, 892 [2013], *lv denied* 22 NY3d 853 [2013]). We have considered petitioner's remaining contentions, to the extent that they are properly before us, and find them to be unavailing.

Peters, P.J., McCarthy, Rose, Clark and Mulvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.